**Oleg BERIOZA, aka Oleg Mihail Berioza, Petitioner,**

v.

**Loretta E. LYNCH, United States Attorney General, Respondent.**

No. 14–3461.

United States Court of Appeals, Second Circuit.

Feb. 26, 2016.

Charles Richard Conroy, New York, NY, for Petitioner.

Benjamin C. Mizer, Principal Deputy Assistant Attorney General; Blair T. O'Connor, Assistant Director; Rosanne M. Perry, Trial Attorney, Office of Immigration Litigation, United States Department of Justice, Washington, D.C., for Respondent.

PRESENT: RICHARD C. WESLEY, GERARD E. LYNCH and SUSAN L. CARNEY, Circuit Judges.

*SUMMARY ORDER*

Petitioner Oleg Berioza, a native and citizen of Moldova, seeks review of an August 12, 2014, decision of the BIA affirming a July 15, 2013, decision of an Immigration Judge ("IJ") denying Berioza's application for asylum, withholding of removal, and relief under the Convention Against Torture. *In re Oleg Berioza,* No. A205 217 393 (B.I.A. Aug. 12, 2014), *aff'g* No. A205 217 393 (Immig. Ct. N.Y. City July 15, 2013). We assume the parties' familiarity with the underlying facts and procedural history in this case.

Under the circumstances of this case, we have considered both the IJ's and the BIA's opinions "for the sake of completeness." *Wangchuck v. Dep't of Homeland Sec.,* 448 F.3d 524, 528 (2d Cir.2006). The applicable standards of review are well established. *See* 8 U.S.C. § 1252(b)(4)(B); *Weng v. Holder,* 562 F.3d 510, 513 (2d Cir.2009).

For asylum applications, like Berioza's, governed by the REAL ID Act, the agency may, "[c]onsidering the totality of the circumstances," base a credibility finding on inconsistencies between the applicant's statements and other evidence, "without regard to whether" they go "to the heart of the applicant's claim." 8 U.S.C. § 1158(b)(1)(B)(iii); *Xiu Xia Lin v. Mukasey,* 534 F.3d 162, 163–64 (2d Cir.2008). "We defer ... to an IJ's credibility determination unless, from the totality of the circumstances, it is plain that no reasonable fact-finder could make such an adverse credibility ruling." *Xiu Xia Lin,* 534 F.3d at 167.

Berioza challenges the adverse credibility determination only to the extent that the agency failed to consider evidence of country conditions; any other challenge to the credibility finding has been waived.

*See Norton v. Sam's Club,* 145 F.3d 114, 117 (2d Cir.1998). Berioza's argument that the agency did not consider this evidence fails for two reasons.

First, we "presume that an IJ has taken into account all of the evidence before him, unless the record compellingly suggests otherwise." *Xiao Ji Chen v. U.S. Dep't of Justice,* 471 F.3d 315, 336 n. 17 (2d Cir. 2006). An IJ is not required to "enumerate and evaluate on the record each piece of evidence, item by item," for the presumption to apply. *Id.* at 341. Berioza has introduced no evidence to rebut this presumption. The fact that the agency did not explicitly discuss this evidence or grant relief is insufficient.

Second, the evidence was not material to the agency's decision. Assuming, *arguendo,* that the agency did not consider the evidence, and further assuming, as Berioza urges us to, that the adverse credibility determination does not extend to Berioza's prior religious practices in Moldova, country conditions are still irrelevant because the IJ found that Berioza was not credible as to his continued religious practice. Accordingly, even if his evidence conclusively established a pattern or practice of persecuting Baptists, he did not credibly show that he remained a member of that persecuted class. *See* 8 C.F.R. § 1208.13(b)(2)(iii)(B). Further, the assumption that the credibility determination does not extend to Berioza's prior practice is highly dubious. The IJ did not credit any of Berioza's testimony and found him not credible both as to his allegations of past harm and as to his ongoing practice of Christianity. *Cf. Paul v. Gonzales,* 444 F.3d 148, 153 n. 4 (2d Cir.2006).

For the foregoing reasons, the petition for review is DENIED.